IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-143-JJF |
| | : | |
| CHARLES WARREN, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE**

Defendant, Charles Warren, by and through his attorney, Eleni Kousoulis, Assistant Federal Public Defender for the District of Delaware, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth Amendment of the United States Constitution, for an Order suppressing the Government's use of any and all evidence seized on or about October 11, 2007, from Mr. Warren and any and all evidence seized from 201 Poplar Street, Apt C-1, Wilmington, Delaware.

In support of this motion, Mr. Warren submits as follows:[1]

1.    On October 11, 2007, at approximately 1:40 a.m., Wilmington Police Officer Michael Rinehart, while patrolling the area of the 1300 block of E. 28th Street, observed Mr. Warren

---

[1] The facts contained in paragraphs 1-5 of this motion were taken from the police reports prepared with regard to this case.  By citing these facts in his motion, Mr. Warren does not concede that the events transpired as stated in these reports.  Additionally, Mr. Warren notes that the police reports, some of which have been redacted, may contain additional information not included in this motion.  Mr. Warren submits that an evidentiary hearing is needed to further develop the facts, which are in dispute and determinative of this motion.

riding a bicycle. Officer Rinehart alleges that the bicycle that Mr. Warren was riding did not have a headlamp.

2.      Officer Rinehart further alleges that when he attempted to stop Mr. Warren for operating a bicycle at night without a headlamp, Mr. Warren did not stop, but continued to ride his bicycle.

3.      It is further alleged in the police reports that Mr. Warren fell off his bike while being pursued by officers and then began to run on foot, at which time he was apprehended by officers.

4.      After being apprehended by police officers, Mr. Warren was searched, at which time it is alleged that a handgun and ammunition were recovered from Mr. Warren's front pocket.

5.      It was later determined that Mr. Warren was on probation in Delaware. As a result, an administrative search was conducted at 201 Poplar Street, Apt C-1, in Wilmington, Delaware, where it is alleged that Mr. Warren was living at the time. Found at that location were two bags containing alleged crack cocaine, and a black plastic bag containing numerous small clear zip-lock baggies.

6.      On November 6, 2007, Mr. Warren was indicted for possession with intent to distribute more than five grams of cocaine base, in violation of Title 21, U.S.C. §§ 841(a)(1) and (b)(1)(B), and for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

7.      The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." See U.S. CONST. Amend. IV. In Terry v. Ohio, 392 U.S. 1, 19 (1968), the Supreme Court stated that "seizures" under the Fourth Amendment occur when law enforcement officials have "by means of physical force or show of authority . . . in some way restrained the liberty of a citizen." "Temporary detention of individuals

during a traffic stop, even if only for a brief and limited purpose, constitutes a 'seizure of persons' within the meaning of this provision." <u>Whren v. United States</u>, 517 U.S. 806, 809 (1996). In "justifying the particular intrusion, the police officer must be able to point to specific and articulable facts which, taken together with reasonable inferences from those facts, reasonably warrant that intrusion." <u>Terry</u>, 392 U.S. 21 (1968).

8.      Based upon information and belief, the police officers lacked reasonable suspicion to initiate a traffic stop of Mr. Warren. To date, Mr. Warren has not received any information to support the officers' asserted grounds for the traffic stop. A traffic violation report was not included in the discovery materials provided by the government, and the bicycle on which Mr. Warren was riding was never preserved as evidence by the officers. Mr. Warren submits that his bicycle was equipped with a headlamp, which he committed no traffic violation, and that he was stopped merely because he was riding his bicycle at 1:40 a.m. in the morning. Under these circumstances, the police officers' stop of Mr. Warren was illegal and in violation of <u>Terry</u> and its progeny.

9.      Mr. Warren further contends that the search of his person, and the subsequent search of 201 Poplar Street, Apt. C-1, were unjustified and in violation of his Constitutional rights.

10.     Because the officers' seizure violated the Fourth Amendment, all evidence recovered following Mr. Warren's illegal seizure must be suppressed in accordance with the "fruit of the poisonous tree doctrine" expressed in <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963).

**WHEREFORE**, Mr. Warren respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and enter an Order suppressing the Government's use of any and all physical evidence illegally seized by law enforcement officials on or about October 11, 2007.

Respectfully submitted,

_____/s/_____

Eleni Kousoulis
Assistant Federal Public Defender

Attorney for Charles Warren

Federal Public Defender's Office
District of Delaware
704 King Street, Suite 110
Wilmington, DE 19801
(302) 573-6010
ecf_de@msn.com

Dated: December 17, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,     :
                                 :
          Plaintiff,       :
                                 :
        v.              :     Criminal Action No. 07-143-JJF
                                 :
CHARLES WARREN,            :
                                 :
          Defendant.     :

## ORDER

The Court having considered Defendant's Pre-trial Motion to Suppress Physical Evidence and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of _____, _____, that any evidence seized from Mr. Warren at the time of his arrest, and any evidence seized from 201 Poplar Street, Apt. C-1, shall be suppressed.

_____
**HONORABLE JOSEPH J. FARNAN, JR.**
United States District Court