IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-143-JJF |
| CHARLES WARREN, | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO DISMISS INDICTMENT**

Defendant, Charles Warren, by and through his attorney, Eleni Kousoulis, Assistant Federal Public Defender for the District of Delaware, hereby moves this Court, pursuant to the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution, for an Order dismissing the Indictment in this case, for failure of the government to preserve essential evidence.

In support of this motion, Mr. Warren submits as follows:

1. On October 11, 2007, at approximately 1:40 a.m., Wilmington Police Officer Michael Rinehart, while patrolling the area of the 1300 block of E. 28th Street, observed Mr. Warren riding a bicycle Officer Rinehart alleges that the bicycle that Mr. Warren was riding did not have a headlamp, as required by Delaware law, and that he initiated a traffic stop of Mr. Warren for this reason. Mr. Warren was subsequently taken into custody by officers, at which time he was searched and found to allegedly be in possession of a firearm. After taking Mr. Warren into custody, the officers left Mr. Warren's bike at the scene, taking no steps to preserve it.

2. Upon information and belief, Mr. Warren's bicycle was equipped with a headlamp.

3. Upon information and belief, the headlamp on this bicycle was working and was on at the time that officers attempted to stop Mr. Warren.

4. Upon information and belief, the officers left Mr. Warren's bicycle at the scene at the time of his arrest, taking no steps to preserve the bicycle.

5. The bicycle in this case is essential evidence to the defense and necessary to refute the government's contention that the officers were justified in stopping Mr. Warren for operating his bicycle at night in violation of Delaware law.

6. In the present case, the officers left Mr. Warren's bicycle at the scene of his arrest, taking no steps to preserve this evidence, in violation of Mr. Warren's due process rights. Arizona v. Youngblood, 488 U.S. 51, 58 (1988) (stating that if a defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence may constitute a denial of due process of law).

7. Bad faith "turns on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." Id. at 56, n.1. In this case, the sole justification offered by the officers for stopping Mr. Warren was Officer Rinehart's assertion that Mr. Warren was operating his bicycle at night without the use of a headlamp. Given this assertion, the exculpatory nature of the bicycle itself should have been evident to the officers. There can be no question that the bicycle itself can be considered exculpatory evidence if it was equipped with a working headlamp, that the defense contends was on, at the time Officer Rinehart attempted to stop Mr. Warren.

8. In order for the defense to properly and effectively refute the government's assertions that the officers were justified in stopping Mr. Warren, the bicycle is essential evidence and should have been preserved.

**WHEREFORE**, for the reasons set forth above, and any other reasons that shall appear to the Court, Mr. Warren respectfully requests that this Motion be granted and that the Indictment in this case be dismissed.

Respectfully submitted,

/s/
Eleni Kousoulis
Assistant Federal Public Defender
Attorney for Charles Warren

Federal Public Defender's Office
District of Delaware
704 King Street, Suite 110
Wilmington, DE 19801
(302) 573-6010
ecf_de@msn.com

Dated: December 17, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-143-JJF |
| CHARLES WARREN, | : | |
| Defendant. | : | |

## **ORDER**

The Court having considered Defendant's Motion to Dismiss Indictment and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of _____, _____, that the Indictment in this case is DISMISSED.

 

_____
**HONORABLE JOSEPH J. FARNAN, JR.**
United States District Court