

U.S. Department of Justice

United States Attorney's Office
District of Delaware

1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

(302) 573-6277
FAX (302) 573-6220

March 17, 2008

Honorable Joseph J. Farnan, Jr.
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, DE 19801

## *Supplemental Memorandum*

      Re: *United States v. Charles Warren*,
          Criminal Action No. 07-143-JJF

Dear Judge Farnan:

    On February 6, 2008, Your Honor heard a suppression hearing in the matter of *United States v. Charles Warren*. At the conclusion of the hearing, Your Honor directed the parties to set a schedule to provide the Court with Supporting Briefs. The Government and the defendant were required to submit their Initial Briefs by March 7, 2008; the Government was to submit any reply to the defendant's response by March 17, 2008. As a result of the agreement, the Government respectfully submits the following *Supplemental Memorandum*:

    I. The Defendant has Failed to Show that His *Due Process* Rights were Violated.

    The Government submit that the defendant has failed to show that any *due process* rights were violated. The defendant cites *Trombetta* in support of his position. As cited in the Government's *Post-Hearing Response*, it is clear that a defendant must show the, "evidence must both possess an exculpatory value that was apparent before the evidence was destroyed and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta*, 467 U.S. 479, 489 (1984).

    In the case before the bar, there is no evidence that had apparent exculpatory value. On page six of the defendant's brief he states, "Mr. Warren submits that on the night of his arrest, his bicycle was in full compliance with Delaware's Motor Vehicle Code..." There is, however, no evidence to support this claim. The only evidence presented is the testimony of Wilmington Police Officers Steele and Murphy. Both Officers testified that the defendant was operating a bicycle without an operational headlight as required by Delaware law.

    Furthermore, the defendant cites to *Arizona v. Youngblood* and specifically points out that the Court "stressed the importance for constitutional purposes of good or bad faith on the part of the

Government when the claim is based on loss of evidence attributable to the government. *Youngblood*, 448 U.S. 51. Again, the defendant's argument fails. The testimony from Officer Steele was that the defendant was taken to Wilmington Hospital as a precaution because he was tasered. (T-13). The Officers went back to the scene, after the trip to the hospital, to recover the bicycle. (T-14). The defendant has shown no bad faith on the part of the officers.

It is also worth noting that *Trombetta* refers to "destroyed evidence" and *Youngblood* refers "loss of evidence attributable to the government." In both of those situations, the Court is referring to affirmative action on the part of the Government. In this case, the Police Officers took no affirmative action to destroy or lose the bicycle; in fact, the Officers did the opposite and attempted to recover the bicycle in question.

## II. The Officers had *Reasonable Suspicion* and *Probable Cause* to Stop the Defendant.

The defendant's second argument is that the Officers lacked reasonable suspicion or probable cause to stop the defendant. In his brief on page eight, the defendant states, "Mr. Warren's position is that his bicycle was fully compliant and the Government has offered no evidence to the contrary." Aside from the fact that the defendant has failed to present any evidence to support his position, the assertion is in opposition to all of the facts before the Court. Both Officer Steele and Officer Murphy testified that there was no light on the bicycle. (T. 8, 18, 26, 28). Officer Steele testified that the defendant's acts violated the Delaware *Motor Vehicle Code*.

The defendant then cites to *United States v. Delfin-Colfina* writing, "[A]n officer's Fourth Amendment burden of production is (1) to identify the ordinance or statute that he believed had been violated and (2) provide specific articulable facts that would support an objective determination of whether any officer could have possessed reasonable suspicion of the alleged infraction. As long as both prongs are met, an officer's subjective understanding of the law at issue would not be relevant to the court's determination. *United States v. Delfin-Colfina*, 464 F.3d 392 (3d Cir. 2006).

In the case before the Court, the Officer actually identified two infractions, the forementioned bicycle headlight violation, as well as a resisting arrest charge. The Officer testified to the violation and gave extensive recitation of the facts that led to the defendant's arrest.

The evidence seized by the Wilmington Police should not be suppressed. The defendant has failed to meet his burden necessary to show that the Officers acted in bad faith. The evidence also shows that the Officers possessed both reasonable suspicion, as well as probable cause, to stop and arrest the defendant. The Government respectfully requests the Court deny the defendant's Motion.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
Shawn E. Martyniak
Special Assistant United States Attorney

cc:   Eleni Kousoulis, Esquire (By CM/ECF)