Filed in open Court This 1st day of July 2008  JLMS

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| UNITED STATES OF AMERICA, | ) |
| :--- | :--- |
| **Plaintiff** | ) |
| v. | ) Criminal Action No. 07-143 |
| **CHARLES WARREN,** | ) |
| **Defendant** | ) |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Shawn E. Martyniak, Special Assistant United States Attorney for the District of Delaware, and the defendant, Charles Warren, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with possession with intent to deliver more than five (5) grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The maximum penalties for this charge are forty (40) years imprisonment, including five (5) years mandatory minimum; a $2,000,000 fine; lifetime supervised release, with four (4) years mandatory minimum, and a $100 special assessment.

2. The defendant shall also plead guilty in the United States District Court for the District of Delaware to Count Two of the Indictment, which charges him with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), which carries a maximum sentence of a term of imprisonment of ten years, a fine of $250,000, or both, three years supervised release, and a $100 special assessment.

3. The defendant understands that if there were a trial, the Government would have to prove all elements of every offense. As to Count One – The Government would have to prove: (1) substance in question contained cocaine base; (2) that on or about October 11, 2007, the defendant possessed the substance containing cocaine base; (3) the substance containing cocaine-base weighed in excess of five (5) grams; (4) the defendant possessed the substance containing cocaine base with the intent to distribute the substance. As to Count Two – The Government would have to prove: (1) that on or about October 11, 2007, the defendant knowingly possessed a firearm, that is, a Rossi Inter-arms .38 special revolver, serial number 075051; (2) he had previously been convicted of a crime punishable by more than one year's imprisonment on or about April 21, 2003; and (3) the firearm affected interstate commerce, that is, that the firearm had previously crossed state lines.

4. The defendant agrees to forfeit all interests in the firearm and ammunition involved in the violation alleged in Count Two of the Indictment, to wit, a Rossi Inter-arms .38 special revolver, serial number 075051, seized from him by police on October 11, 2007. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

5. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an

appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within he sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney of the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a three-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility is appropriate.

7. The defendant agrees to pay a $200 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

8. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

*Eleni Kousoulis* /s/
Eleni Kousoulis, Esquire
Attorney for Defendant

COLM F. CONNOLLY
United States Attorney

By: /s/
Shawn E. Martyniak
Special Assistant United States Attorney

*Charles Warren* /s/
Charles Warren
Defendant

Dated: 7-1-08

**AND NOW**, this ___1___ day of ___July___, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

/s/ Joseph J. Farnan Jr.
Honorable Joseph J. Farnan JR.
United States District Judge

4