IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-143-LPS |
| | : | |
| CHARLES WARREN, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION FOR EARLY TERMINATION
OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. § 3583**

Defendant, Charles Warren, by and through his attorney, Eleni Kousoulis, Assistant Federal Public Defender, District of Delaware, for the reasons set forth below, respectfully requests that the Court terminate his supervised release pursuant to 18 U.S.C. § 3583(e)(1). In support thereof, it is stated:

1. On November 6, 2007, the Grand Jury for the District of Delaware, returned a two-count Indictment charging Mr. Warren with possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and felon in possession of a firearm, in violation of 18 U.S.C. § § 922(g)(1) and 924(a)(2). On July 1, 2008, Mr. Warren entered a guilty plea to both counts of the Indictment.

2. On November 18, 2008, Mr. Warren was sentenced by this Court to 84 months imprisonment, followed by 4 years supervised release on Count One, and 84 months imprisonment followed by 3 years supervised release on Count Two, with those sentences to run concurrently.

3. On November 18, 2011, upon motion under 18 U.S.C. § 3582(c)(2), this Court reduced Mr. Warren's sentence to 78 months imprisonment with 4 years supervised release on Count One and 78 months imprisonment followed by 3 years supervised release on Count Two, with those

sentences to run concurrently.

4. Mr. Warren began serving his four (4) year period of supervised release on November 20, 2014. His supervised release is due to expire on November 21, 2018. As of the date of this motion, Mr. Warren has served over 36 months of his supervised release.

5. During his time on supervised release, Mr. Warren has conformed to the terms of his supervision, and has shown personal growth and a commitment to achieving positive goals in his life. Mr. Warren is currently employed as a stock clerk at BJ's in Elsmere, DE. He works full time on the overnight shift. He has been employed by BJ's for the past 20 months and recently received a raise, as well as a positive performance evaluation. *See* Exhibit A.

6. On April 23, 2015, Mr. Warren completed the Thinking for a Change program through the Delaware Anger Management Association. *See* Exhibit B. In addition, he has incurred no new arrests for criminal behavior, and has tested negative for all illicit substances while on supervision.

7. Pursuant to 18 U.S.C. § 3583(e)(1), a court is permitted to:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice.

In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

8. The Office of United States Probation and Pretrial Services also encourages early termination in appropriate cases, as outlined in *The Supervision of Federal Offenders (2008), Monograph 109* (relevant portions attached hereto as Exhibit C). Mr. Warren has continued to meet the requirements of his supervision, does not pose a danger to the public, and satisfies the

assessment criteria outlined in *Monograph 109,* Chapter III, pgs. 28-30, warranting early termination of his supervised release.

9. Early discharge is also appropriate to "account for new or unforeseen circumstances" not contemplated at the initial imposition of supervised release. *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997). These new circumstances include post-sentence rehabilitation and a defendant's exceptionally good behavior that makes the previously imposed term of supervised release "either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a). In such cases, the court may. . .discharge the defendant from supervised release." *Id.*

10. Subsequent to the above, in February, 2012, the Honorable Robert Holmes, Chair of the Judicial Conference Committee on Criminal Law issued *Cost-Containment Strategies Related to Probation and Pretrial Services Offices.* The purpose of this memorandum was to conform to budget constraints and align the resources of the United States Probation Department and Pretrial Services. Similar to *Monograph 109*, it promotes the early termination of supervised release in certain cases in order to allocate more resources to complex and serious offenders. The Committee clearly understood both the cost of supervision and the reality that some offenders do rehabilitate. In those cases, the Committee advocates for the early termination of supervised release. Mr. Warren also meets the criteria listed in this memorandum for the early termination of his supervision.

11. Mr. Warren has worked hard over the past 36 months to get his life back on the right track. He has maintained employment and is a contributing member to society. He is also an active part of his two year old daughter's life. He shares custody of her and spends time with her whenever he is not working.

12. Mr. Warren is under the supervision of United States Probation Officer (USPO)

Angie Ramirez. USPO Ramirez informed undersigned counsel that, since being assigned to Mr. Warren's case, he has reported to her as directed and has not violated any of the conditions of his supervision. USPO Ramirez informed Undersigned counsel that the U.S. Probation Office takes no position on the instant motion. Assistant United States Attorney Shannon Hanson informed Undersigned counsel that the government also takes no position on the instant motion.

13. Pursuant to the above, it is clear that an early termination of supervised release is appropriate and warranted in Mr. Warren's case; as demonstrated by his compliance with his conditions of supervised release, his post-sentencing rehabilitative efforts, and his "exceptionally good behavior" while on supervised release. *Lussier*, 104 F.3d at 36.

**WHEREFORE**, for the reasons stated above, the interests of justice are better served by *not* requiring Mr. Warren to complete the four-year term of supervised release imposed on him, and he respectfully moves this Court for an Order terminating his supervised release.

Respectfully submitted,

EDSON A. BOSTIC
FEDERAL PUBLIC DEFENDER

DATED: December 11, 2017         */s/ Eleni Kousoulis*
ELENI KOUSOULIS, ESQUIRE
Assistant Federal Public Defender
Office of the Federal Public Defender
800 King Street, Suite 200
Wilmington, Delaware 19801
(302) 573-6010
de_efc@fd.org

Attorney for Charles Warren